**Johanna WAIZMANN, Plaintiff–Appellant,**

v.

**SIERRA PACIFIC POWER COMPANY, Defendant–Appellee.**

No. 06–17397.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2008.*

Filed Aug. 25, 2008.

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

Jeffrey S. Judd, Esquire, Sandra Ketner, Esquire, Littler Mendelson, Las Vegas, NV, for Defendants–Appellees.

Before: SILER,** McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Plaintiff Johanna Waizmann appeals the district court's grant of summary judgment for Defendant Sierra Pacific Power Company ("SPPC"). We affirm.

In 2005, Waizmann sued SPPC, claiming that SPPC violated the Age Discrimination in Employment Act of 1967 (the "ADEA") when it rejected Waizmann, then sixty-one-years-old, for a buyer/planner position and then terminated her employment. Waizmann based this claim on two comments, one made in 2002 by a co-worker who later became her supervisor, and another made in 2005 by a supervisor. The comments referred to Waizmann's attendance of university classes, which she attended in order to complete her undergraduate degree. The comments respectively questioned the necessity of a degree given Waizmann's age and position in SPPC and inquired as to the age of Waizmann's fellow students.

The district court granted SPPC's motion for summary judgment, holding that while Waizmann established a prima facie case of age discrimination, she did not offer any evidence, either direct or circumstantial, to show that the reasons proffered by SPPC for her termination were pretextual.

We review the district court's grant of summary judgment de novo. *Dominguez–Curry v. Nev. Transp. Dep't,* 424 F.3d 1027, 1033 (9th Cir.2005) (citing *Vasquez v. County of Los Angeles,* 349 F.3d 634, 639 (9th Cir.2003)). Employers cannot "fail or refuse to hire or to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). We analyze ADEA claims under the burden shifting framework in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Coghlan v. Am. Seafoods Co.,* 413 F.3d 1090, 1094 (9th Cir.2005).

Here, Waizmann established a prima facie face of discrimination. *See id.* (citing

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir.2004)). However, SPPC presented legitimate, nondiscriminatory reasons for the adverse employment action, including numerous poor evaluations, conflict between her class attendance and job performance, and difficulties handling customers, co-workers and management. *See id.* (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 506–07, 113 S.Ct. 2742). In response, Waizmann offered only the two statements made by her co-worker and supervisor as evidence of pretext. The statements are "stray remarks" that were "uttered in an ambivalent manner and [were] not tied directly to [Waizmann's] termination." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir.1998). Stray remarks are insufficient to demonstrate pretext. *Id.*; *see also Coghlan*, 413 F.3d at 1094 (citing *St. Mary's Honor Ctr.*, 509 U.S. at 507–08, 113 S.Ct. 2742).

As Waizmann did not introduce sufficient evidence to establish pretext, she did not offer proof of an essential element of her ADEA claim. *See Coghlan*, 413 F.3d at 1094 (noting that once the employer presents legitimate, non-discriminatory reasons for the plaintiff's termination, the burden shifts to the plaintiff to establish pretext). Therefore, the district court properly granted SPPC's motion for summary judgment.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-